## Richmond

EDWIN C. KELLAM, ET AL., ETC., ET AL. v. ALAMEDA BEST GALLAGHER, ET AL.

April 26, 1971.

Record No. 7418.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*Joseph J. Lawler* (*W. Stephen Moore; Kellam, Pickrell, Lawler, Hodges and Kellam; James, Richardson and James*, on brief), for appellants.

*Montgomery Knight, Jr.; Howard I. Legum* (*Louis B. Fine; Gordon E. Campbell; Doumar, Pincus, Anderson & Knight; Fine, Fine, Legum & Fine; Campbell, Lustig & Hancock*, on brief), for appellees.

COCHRAN, J., delivered the opinion of the court.

This appeal is from a final order of the Corporation Court of the City of Norfolk entered July 30, 1969 ratifying and ordering the enforcement of an alleged compromise settlement entered into by the administrators, c.t.a., residuary devisee and residuary legatees under the will of Lucy V. Dobski, deceased, on the one hand, and her heirs and distributees on the other. As it is conceded that such action by the court necessarily evoked equity powers, the sole question concerning us is whether the Corporation Court of the City of Norfolk is a court of equity of competent jurisdiction to ratify and enforce this alleged agreement.

In 1965 a suit to impeach the will of the late Lucy V. Dobski was instituted by three of her heirs and distributees, Jasper Best, Frank Best and Clara Best Buck. Before the issue *devisavit vel non* was tried, a compromise agreement was submitted to the court, approved and incorporated in its consent decree entered August 26, 1965 which, among other things, ordered that the will be probated. Subsequently, three heirs and distributees who had not appeared or consented to the settlement petitioned the court to set aside the decree of August 26, 1965. This the court declined to do by order entered October 19, 1966. Upon appeal we reversed this order and remanded the case with direction that the court vacate the decree of August 26, 1965 and empanel a jury to try the issue *devisavit vel non. Thomas* v. *Best,* 209 Va. 103, 161 S. E. 2d 803 (1968).

On March 6, 1969, the day the case was set for trial, a compromise was reached. Those parties who had successfully prosecuted the appeal in *Thomas* v. *Best, supra,* and other heirs and distributees, herein designated as the Irwin Best Group, comprising the heirs of Irwin Best, the heirs of Sara Schultz, and the heirs of Margaret (Maggie) Best Thomas, except Burton Thomas, Sr., who was a residuary legatee, agreed that they would not oppose probate of the will. In consideration thereof, the administrators, c.t.a. and residuary legatees agreed to pay the Irwin Best Group $2500 from the estate.

At the same time Jasper Best, Frank Best, Clara Best Buck, Zella Best Peters and Alameda Best Gallagher, herein designated as the Jasper Best Group, agreed to pay the Irwin Best Group $7800 if and when the 1965 compromise agreement was enforced. The jury having been discharged at the request of all parties, the court heard evidence adduced by proponents of the will and, without objection, ordered the will to be probated.

By petition in chancery filed May 6, 1969 as a new proceeding in the same court by the Jasper Best Group, the Irwin Best Group, Edwin Best and the residuary devisee against the administrators, c.t.a. and residuary legatees, enforcement of the 1965 compromise was sought. Demurrers were filed by various respondents challenging the jurisdiction of the court to order specific performance.

The matter was heard on stipulated facts and the court, ruling that the 1965 compromise was binding upon all parties before the court, by order entered July 30, 1969 directed that payment be made pursuant thereto. We granted an appeal to the administrators, c.t.a. and the residuary legatees.

Appellees contend that the Corporation Court of the City of Norfolk has equity jurisdiction in probate matters, especially in the settlement of fiduciaries' accounts, and that such settlements may encompass the compromise of liabilities. They maintain that this was not a suit for specific performance but rather a proceeding to enforce a settlement of accounts.

We do not agree. The "petition" filed herein praying that the "court enforce the compromise agreement" was in effect a bill in chancery for specific performance of an alleged agreement. Although Code § 17-186 gives the Corporation Courts of the City of Norfolk jurisdiction over the probate and recordation of wills, the appointment, qualification and removal of fiduciaries and the settlement of their accounts, it specifically excludes from their jurisdiction "all suits and proceedings in chancery",[1] and Code § 8-171 requires that "a court of equity of competent jurisdiction" ratify and approve all compromises of liability made by fiduciaries.[2] Hence the Corporation Court of the City of Norfolk was without jurisdiction to ratify the alleged compromise in this case or to order specific performance thereof and the order of July 30, 1969 was void as to all parties.

*Reversed and dismissed.*

---

[1] "§ 17-186. *Jurisdiction of such court.*—The Court of Law and Chancery shall have concurrent jurisdiction with the Circuit Court and the Corporation Courts of the city in all matters concerning the probate and recordation of wills, the appointment, qualification and removal of fiduciaries and the settlement of their accounts, and in granting and hearing writs of mandamus, prohibition and quo warranto, or information in the nature of quo warranto, and original and general jurisdiction, concurrent with the Circuit Court and exclusive of the Corporation Courts in the city, of all suits and proceedings in chancery and of all such civil cases at law, within the city, as are cognizable by the Circuit Court of the city of Norfolk, including motions to recover money. * * *"

[2] "§ 8-171. *How fiduciaries may compromise liabilities due to or from them.*—Any fiduciary may compound and compromise any liability due to or from him, provided that such compounding and compromise be ratified and approved by a court of equity of competent jurisdiction, all parties in interest being before such court by proper process. When such compounding and compromise shall have been so ratified and approved, it shall be binding on all parties in interest before such court."