Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and Keenan, JJ., and Whiting, Senior Justice

JAMES BREMER, ET AL.

v. Record No. 950730    OPINION BY JUSTICE ELIZABETH B. LACY
                                        January 12, 1996
DOCTOR'S BUILDING PARTNERSHIP

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Arthur B. Vieregg, Jr., Judge


In this appeal, we consider whether the trial court erred in granting a nonsuit when a defendant's plea filed pursuant to Code § 8.01-422 was pending.

Doctor's Building Partnership (Doctors) filed a motion for judgment against James Bremer, Lewis F. Shrensky, and Jose Rodrigues, general partners of Castle Way Partnership (collectively, Bremer). Doctors sought to enforce payment of a deferred purchase money note executed in connection with the 1983 sale of a commercial office building. Bremer filed an "answer," counterclaims, and a plea under Code § 8.01-422. Both the statutory plea and one of the counterclaims were based on an allegation that Doctors breached express warranties contained in the purchase agreement that the office building conformed to the requirements set out in the applicable state and county building codes.[1]

---

[1] Bremer labeled his statutory plea as a "claim for recoupment." Doctors did not appeal the trial court's holding that Bremer's statutory "claim for recoupment" was within the pleas authorized by Code § 8.01-422. Therefore, that issue, whether a plea of recoupment based on a breach of warranty claim is cognizable under Code § 8.01-422, is not before us for review.

1

Trial was set for October 31, 1994. Prior to the trial date, Bremer nonsuited the counterclaims and, after an ore tenus hearing, the trial court ruled that, although the purchase agreement had been modified by a subsequent addendum, the modification did not displace the warranties and they remained in effect. On the day of the trial, the trial court granted Doctors' motion for nonsuit.

Bremer filed an appeal asserting that the trial court's nonsuit order violated the provisions of Code § 8.01-380 because his statutory plea was pending and because the case had been submitted for decision. Bremer also contended that, even if Code § 8.01-380 was not violated, the trial court's action was contrary to "extra-statutory common-law principles which prohibit a plaintiff from taking a nonsuit if, by so doing, it allows the plaintiff an advantage, and serves to prejudice or oppress the defendant, or deprives the defendant of any just defense." We awarded Bremer an appeal and, because we conclude that the trial court properly applied Code § 8.01-380, we will affirm the order of the trial court.

I.

Consideration of Bremer's contention that Code § 8.01-380(C) precluded a nonsuit because of his pending statutory plea requires a review of the legislative history of the nonsuit statute and of the provision upon which Bremer's statutory plea is based, Code § 8.01-422. In the 1977

2

recodification of Title 8, the Code sections dealing with nonsuits were consolidated in Code § 8.01-380 of new Title 8.01. <u>Report of the Virginia Code Commission to the Governor and the General Assembly of Virginia</u>, House Document No. 14, at 243 (1977). Code § 8.01-380 provides in pertinent part:

> A. A party shall not be allowed to suffer a nonsuit as to any cause of action or claim . . . unless he does so . . . before the action has been submitted to the court for decision. . . .
>
> B. Only one nonsuit may be taken . . . as a matter of right . . . .
>
> C. A party shall not be allowed to nonsuit a cause of action, without the consent of the adverse party who has filed a counterclaim, cross claim or third-party claim . . . unless the counterclaim, cross claim, or third-party claim can remain pending for independent adjudication by the court.

Subsection C is based on former Code § 8-244 which prohibited a nonsuit if a defendant had filed a counterclaim and did not consent to the nonsuit. Acts 1954, ch. 611 at 785. Prior to 1954, Code § 8-244 did not refer to a counterclaim, but prohibited a nonsuit without the consent of the defendant if the defendant had filed a "plea or account under [Chapter 14 of Title 8]." Code § 8-244 (1950). Former Code § 8-241 was within Chapter 14 of Title 8, and, thus, pleas filed thereunder were protected from nonsuit. In 1977, Code § 8-241 was recodified as Code § 8.01-422, the source of Bremer's statutory plea. Acts 1977, ch. 617 at 1125.

The premise underlying Bremer's position is his assertion that the amendments to and recodification of former Code §§ 8-241 and -244 made no substantive changes and that the

3

insertions of the word "counterclaim" in those sections were changes in nomenclature only.  Based on this premise, Bremer asserts that his statutory plea is entitled to protection against nonsuit as a "counterclaim" in Code § 8.01-380(C) in the same manner that former "plea[s] and account[s]" under Chapter 14 of Title 8 were protected by former Code § 8-244. Thus, Bremer concludes that because his statutory plea is a "counterclaim" which cannot "remain pending for independent adjudication," the trial court erred in granting a nonsuit.

Our review of the legislative history of these sections shows, however, that Bremer's premise is flawed.  Substantive changes were made to both former Code §§ 8-241 and -244 based on the distinctions between counterclaims and pleas filed under former Code § 8-241.  Following the enactment of the 1950 Code, the General Assembly instructed the Virginia Code Commission to identify statutes dealing with court practice and procedure which had been rendered obsolete by the new Code.  In its report, the Commission noted that certain procedural statutes had also been rendered obsolete by new Rules of Court effective contemporaneously with the 1950 Code.  Repeal of Obsolete Procedural Statutes, A Report of the Virginia Code Commission to the Governor and the General Assembly of Virginia, House Document No. 16 (1954)(hereinafter, House Document No. 16). Consequently, the Commission's recommendations included changes needed as a result of both the 1950 Code and Rules of Court.

4

One of the areas identified by the Commission for legislative action was precipitated by the adoption of Rule 3:8, which, for the first time, identified a counterclaim as a specific form of pleading. New Rule 3:8 defined a counterclaim broadly by covering various types of relief a defendant could seek from the plaintiff which could be resolved in the same litigation.[2] Counterclaims were limited, however, to actions at law. Thus, as the Commission explained, the new rule encompassed many of the pleas formerly authorized by Code § 8-241 but did not include pleas seeking equitable relief in the form of damages which were allowed by the statute. To make Rule 3:8 coextensive with former Code § 8-241, the Commission recommended that Rule 3:8 be amended to include "any matter which would entitle [a defendant] to relief in equity in the nature of damages." House Document No. 16, at 24. If the Rule was not changed, however, the Commission recommended that only

---

[2]The new Rule 3:8 provided:

Within twenty-one days after service on him of the notice of motion for judgment, a defendant may, at his option, plead as a counterclaim any cause of action at law for a money judgment in personam that he has against the plaintiff or all plaintiffs jointly, whether or not it grows out of any transaction mentioned in the notice of motion for judgment, whether or not it is for liquidated damages, whether it is in tort or contract, and whether or not the amount demanded in the counterclaim is greater than the amount demanded in the notice of motion for judgment. The court in its discretion may order a separate trial of any cause of action asserted in a counterclaim.

There have been no further changes to this rule.

"so much of § 8-241 as relates to equitable defenses" be retained.  Id.

Rule 3:8 was not amended and, following the Commission's recommendation, the General Assembly amended Code § 8-241 to eliminate a number of the pleas formerly authorized under that section but now embraced as counterclaims under Rule 3:8.[3] Pleas seeking relief in equity remained in the statute as amended.  The Commission also recommended that the title of the section be changed from "Special pleas of set-off" to "Special plea of equitable defenses," further highlighting the altered scope of Code § 8-241.  House Document No. 16, at 24.  This change was reflected in the 1977 recodification.  Acts 1977,

---

Prior to 1954 former Code § 8-241 provided in pertinent part:

In any action on a contract, the defendant may file a plea, alleging any such failure in the consideration of the contract, or fraud in its procurement, or any such breach of any warranty to him of the title or the soundness of personal property, . . . or any other such matter as would entitle him either to recover damages at law from the plaintiff, or the person under whom the plaintiff claims, or to relief in equity, in whole or in part, against the obligation of the contract; or, if the contract be by deed, alleging any such matter arising under the contract, existing before its execution, or any such mistake therein, or in the execution thereof, or any such other matter as would entitle him to such relief in equity; and in either case alleging the amount to which he is entitled by reason of the matters contained in the plea.

Code § 8-241 (1950)(emphasis added).  The italicized language was deleted by the 1954 amendments to this section.  Acts 1954, ch. 617 at 788.

ch. 617 at 1125 (Code § 8.01-422 entitled "Pleading equitable defenses").

The General Assembly also amended former Code § 8-244 as a result of the Code Commission's report.  The Commission proposed a new Rule 3:9.2 which continued the limitations on nonsuits contained in former Code § 8-244, but applied them to counterclaims and cross claims only.[4]  House Document No. 16, at 25.  The proposed Rule 3:9.2 was not adopted, however, but the General Assembly, following the Commission's recommendation, replaced the existing language of Code § 8-244 with the language proposed for the rule.  Acts 1954, ch. 611 at 785.

Contrary to Bremer's assertion, the 1954 amendments were substantive amendments.  The word "counterclaim" in the newly enacted Code § 8-244 was not simply a change in nomenclature but was deliberately chosen to refer to Rule 3:8 counterclaims

---

[4]Rule 3:9.2 as proposed by the Commission provided as follows:

> A defendant who pleads a counterclaim or cross-claim shall be deemed to have brought an action at the time he files such pleading, provided that if the subject matter of the counterclaim arises out of the same transaction or occurrence upon which the plaintiff's claim is based, the statute of limitations with respect to such counterclaim shall be tolled by the commencement of the plaintiff's action.  In such case the plaintiff shall not, after the counterclaim is filed, dismiss his case without the defendant's consent.

House Document No. 16, at 25.

only.  The General Assembly, after consideration of the Commission's report, enacted the 1954 amendments with full knowledge and intent that counterclaims referenced in Code § 8-244 did not include pleas filed under Code § 8-241.

Based on this review of legislative history, we hold that a statutory plea filed pursuant to Code § 8.01-422, successor to Code § 8-241, is not a counterclaim as that term is used in Code § 8.01-380(C), successor to Code § 8-244.  Therefore, the conditions attaching to a nonsuit under subsection C of Code § 8.01-380 do not apply to this case.[5]

## II.

Bremer next contends that the nonsuit was barred under Code § 8.01-380(A) because the matter had been submitted to the court for decision prior to the motion for nonsuit.  Bremer bases his contention on the trial court's determination that the warranties contained in the purchase agreement survived the subsequent amendment to the agreement.  This ruling, however, did not resolve any issue of liability.  It is no different from numerous rulings made by trial courts in the course of the trial which impact the conduct of the trial, but do not involve submitting "the action . . . to the court for decision" under

---

We also note that earlier in this litigation Bremer successfully argued that his claim was not a counterclaim.  See City of Hopewell v. Cogar, in which this Court stated that a litigant cannot "say that what they identified as an affirmative defense actually was a counterclaim."  237 Va. 264, 269, 377 S.E.2d 385, 388 (1989).

8

Code § 8.01-380(A).  Accordingly, the order granting a nonsuit did not violate Code § 8.01-380(A) because the matter had not been submitted to the court for decision.

### III.

Finally, Bremer contends that the trial court erred in granting the nonsuit, even if there was no violation of Code § 8.01-380, because under principles of common law a plaintiff is not entitled to a nonsuit if the rights of the defendant would be prejudiced by the dismissal of the action.  See, e.g., Kemper v. Calhoun, 111 Va. 428, 430-31, 69 S.E. 358, 359 (1910).  The prejudice resulting from the dismissal was the inability of the defendant to pursue his claims against the plaintiff.  Defenses asserted in response to a motion for judgment, such as Bremer's filed under Code § 8.01-422 seeking affirmative relief, are not barred or otherwise lost.  They may be reasserted if the motion for judgment is subsequently refiled.  Furthermore, the common law considerations of prejudice were codified in Code § 8.01-380(C) by prohibiting a nonsuit if a pending counterclaim, cross claim, or third-party claim could not be independently adjudicated.  Therefore, a plaintiff is entitled to one nonsuit as a matter of right if the provisions of Code § 8.01-380 are met without further analysis of prejudice to the defendant.  Gilbreath v. Brewster, 250 Va. 436, 463 S.E.2d 836 (1995); Clark v. Butler Aviation, 238 Va. 506, 511, 385 S.E.2d 847, 849 (1989); Nash v. Jewell,

9

227 Va. 230, 237, 315 S.E.2d 825, 829 (1984).

In summary, Doctors' motion for a nonsuit was made before the matter was submitted to the court for decision.  No counterclaim, cross claim, or third-party claim was pending.  Therefore, Doctors was entitled to a nonsuit as a matter of right.  Code § 8.01-380.  Accordingly, we will affirm the order of the trial court.

<u>Affirmed.</u>