# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Jackson

v.

K-Mart

April 20, 1999

Case No. 96-178

BY JUDGE EDWARD L. HOGSHIRE

In this personal injury case, Plaintiff has moved for a voluntary nonsuit. Defendant objects and has made a motion for a special plea in bar based on the Plaintiff's alleged failure to comply with the notice provisions of Va. Code § 8.01-275.1. For the reasons set forth below, the Court concludes that Plaintiff's nonsuit should be granted.

Under Va. Code § 8.01-380, a plaintiff is entitled to one nonsuit as a matter of right. Va. Code § 8.01-380(B). The Supreme Court has recognized this as an "absolute right" to a nonsuit. *See, e.g., Nash v. Jewell,* 227 Va. 230, 237 (1984). Although the plaintiff's right is very broad in this regard, the statute does impose a few limitations. First, the motion for nonsuit must be made before "a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision." Va. Code § 8.01-380(A). Second, a plaintiff may not nonsuit a cause of action without the defendant's consent if there is a counterclaim, cross-claim, or third-party claim arising out of the same transaction or occurrence unless such a claim "can remain pending for independent adjudication by the court." *Id.* at § 8.01-380(C).

Defendant relies upon *Gilbreath v. Brewster,* 250 Va. 436 (1995), for the proposition that because the Defendant has never received notice, the claim should be dismissed with prejudice under Va. Code § 8.01-275.1. Whatever the merit of this argument, the Court cannot consider it at this time because the

threshold issue is whether anything would prevent the Court from granting the Plaintiff's nonsuit. On a motion for a nonsuit, the Court cannot consider other pending motions or defenses by the Defendant unless they are presented in a counterclaim, cross-claim, or third-party claim. *See, e.g., Bremer v. Doctor's Building Partnership*, 251 Va. 74 (1996) (affirming trial court's grant of a nonsuit despite the fact that defendant had pending plea in bar).

Defendant's special plea in bar in this case cannot be construed as a counterclaim, cross-claim, or third-party claim which would trigger the provisions of § 8.01-380(C). *See Bremer*, 251 Va. at 79-80. Because the provisions of that subsection do not apply and because Plaintiff has not failed to show any of the other necessary prerequisites to a nonsuit under the statute, the Plaintiff must be allowed to exercise her absolute right to a nonsuit. Defendant's invitation for the Court to add additional requirements to § 8.01-380 was recently discredited by the Supreme Court. *See McManama v. Plunk*, 250 Va. 27, 32 (1995) (overturning trial court's decision based on its adding requirements to § 8.01-380 by "judicial fiat"). Defendant's reliance on the dissent in *McManama* does not hold persuasive force.

For the above-stated reasons, the Court grants Plaintiff's motion for a nonsuit.