# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Rosemary V. Green

v.

Uriel A. Barnes

January 4, 2001

Case No. L99-363

BY JUDGE DEAN W. SWORD, JR.

This matter comes before the court on a motion to determine the current status of the case due to a series of orders that have been entered and subsequently vacated. A review of the procedural history of what has become a convoluted matter is first required.

This matter came before the court on a motion for judgment seeking damages for personal injuries alleged to have occurred on October 30, 1998, as a result of an auto accident. The defendant was and is represented by his insurance carrier and has filed all necessary and appropriate defensive pleadings.

The case apparently progressed in a usual and uneventful manner and was set for trial with a jury on August 10, 2000, before the Hon. Leonard B. Sachs. (Judge Sachs is a retired judge who sat by designation.) The case was tried upon a stipulation by defense counsel of the issue of liability and proximate cause. (See Instruction 4 granted by Judge Sacks at trial.)

The jury then returned a verdict in favor of the plaintiff in the amount of $2,000.00 that same day. According to the minutes of the clerk, counsel for the plaintiff then made a motion for additur which was taken under advisement. This action was then incorporated into an order entered by Judge Sachs on August 11, 2000.

Counsel proceeded to brief the issue and, while the Clerk's filing leaves something to be desired, at least the defense filed a memorandum on September 12, 2000, in opposition to the motion. By an undated order entered

by Judge Sachs, the motion for additur was apparently denied (the order makes no reference to the additur motion); however, the jury verdict was vacated and the plaintiff was "awarded a new trial on the issue of damages only." It appears, although the undated order creates a problem, that this order was drafted by either the clerk or Judge Sachs after his letter of September 26, 2000, to counsel advising that he would vacate the verdict.

The procedure goes down hill from here. Although there are no motions nor minutes nor other record as to why, Judge Sachs did on October 27, 2000, enter an order granting the plaintiff a nonsuit. This order is also troubling in that it contains only the endorsement of plaintiff's counsel and does not appear to comply with the requirements of Rule 1:13. On November 27, 2000, counsel for the defendant filed a motion to vacate the nonsuit order of October 27, 2000, claiming that the order was "void in that it violates Rule 1:13" and "that the plaintiff is not allowed to suffer a nonsuit after a jury has retired from the bar pursuant to Section 8.01-380."

In response to the said motion, Judge Sachs entered an order vacating the nonsuit order stating that the court "was without jurisdiction to enter such order and that such order was entered in error by the court." This order is dated December 15, 2000.

Counsel for the plaintiff persists in his desire to nonsuit this matter, and the court is advised that this case has been refiled in the Portsmouth General District Court and presently is set for trial on January 25, 2001.

First, I am of the opinion that the order of October 27, 2000, has been properly vacated by the order of December 15, 2000. While many things in this case are far from clear, it is clear that Rule 1:13 was not observed and based upon *Francis v. Francis*, 30 Va. App. 584, 518 S.E.2d 842 (1999), and *Rosillo v. Winters*, 235 Va. 268, 367 S.E.2d 717 (1988), the court upon motion of the defendant was entitled to find that the October 27, 2000, order was void. Since the order was void, the 21 day rule set out in Rule 1:1 would not apply. See *Cofer v. Cofer*, 205 Va. 834, 140 S.E.2d 663 (1965), and *Matthews v. Commonwealth*, 216 Va. 358, 218 S.E.2d 538 (1975).

The answer to our question is that the undated order vacating the jury verdict and granting a new trial now governs the status of this case.

Since the plaintiff espouses the position that this case is to be nonsuited and since the court expects the presentation of such an order that would normally be a matter of right to the plaintiff, we shall now address that issue, which is also contested by the defense.

Virginia nonsuit procedure is governed by Virginia Code Section 8.01-380. Essentially a plaintiff may take one nonsuit as a matter of right unless "a counterclaim, cross claim, or third-party claim" has been filed, in which event,

the consent of such claimants is required. The statute further restricts the motion to the time prior to the court's sustaining a motion to strike the evidence "or before the jury retires from the bar or before the action has been submitted to the court for decision." The right to one nonsuit within the statutory parameters is absolute and the court may not deny such a motion. *Nash v. Jewell*, 227 Va. 230, 315 S.E.2d 825 (1984), and *Bremer v. Doctor's Bldg. Partnership*, 251 Va. 74, 465 S.E.2d 787 (1996).

The plain language of the statute would seem to require that the court come to the conclusion that the plaintiff may not at this stage of the proceedings be allowed to take a nonsuit. This case was submitted to a jury, and the jury rendered its verdict. While the plaintiff was dissatisfied with the amount and while he was able to convince the trial judge to set it aside and order a new trial, allowing a nonsuit would be highly prejudicial to the rights of the defendant. Counsel for the defense expressed his satisfaction with the outcome of this matter and his dissatisfaction with the subsequent ruling of the trial court. In accordance with the order of the trial court, this case shall be retried; however, a less satisfactory verdict may cause the defense to appeal the initial decision of the trial judge when he refused to grant judgment on the jury verdict.

If the court were to allow a nonsuit, then the plaintiff would be granted a second try without risk of having the Supreme Court find error in the initial action of the trial judge.

Whether one approves or disapproves of the nonsuit process, it does offer an inherent fairness of putting each party where they were prior to the litigation. It has been observed by at least one court that the "only effect of a nonsuit is to put an end to the pending litigation without prejudice to either party. Cf. *Thomas Gemmell, Inc. v. Svea Fire & Life Ins. Co.*, 166 Va. 95, 184 S.E. 457. . . ." *Alderman v. Chrysler Corp.*, 480 F. Supp. 600, 603 (E.D. Va. 1979). To allow a nonsuit would be to grant the plaintiff the opportunity to seek a larger verdict without allowing the defense the right to seek enforcement of the former verdict by the Supreme Court. While I express no opinion as to the decision by Judge Sachs to set aside the jury verdict, it would be grossly unfair to deny the defendant the right to enforce it.