# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Denise M. Karafas

v.

Linda L. Atkins,
a/k/a Linda L. Atkins-Karafas

May 31, 2001

Case No. CH97-315

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether the contestant of a will may take a nonsuit during the trial of an issue devisavit vel non.

## Factual Background

William John Karafas died on July 7, 1996, survived by his wife and three adult children from a previous marriage. On August 2, 1996, the wife, defendant in this suit ("Atkins"), offered for probate a writing dated July 4, 1996, purportedly signed by the decedent and attested by three witnesses. The paper was admitted to probate in the clerk's office of this court.

Within the time prescribed by statute, the adult children of the decedent instituted this suit to impeach the will. Actually, the suit was brought by only one of the decedent's children ("Karafas"), claiming to be assignee of the other children's interests in the matter.

After discovery, the case went to trial on March 7-8, 2001. (The case was tried without a jury, all parties having waived their statutory right to a jury determination of the issue.) On the morning of the second day of trial, before all the evidence had been presented, Karafas moved to be allowed to suffer a nonsuit. Atkins objected, arguing that the nonsuit statute does not apply to a suit devisavit vel non. The court overruled the objection and entered an order of nonsuit on March 20, 2001.

Subsequently, Atkins filed a motion for reconsideration. By agreement of counsel, and in accordance with Rule 1:1, the court entered an order on March 23, 2001, suspending the nonsuit. Arguments were scheduled for May 7, 2001. On that day, the court entered another suspending order, again by agreement of counsel, heard arguments regarding allowance of a nonsuit in a suit devisavit vel non, and took the matter under advisement. This opinion letter addresses that issue.

### Suit Devisavit Vel Non

Literally, devisavit vel non means "did he devise or not." It is the ancient procedure by which a chancery court sent the issue of the validity of a will that had been contested to the common law court for determination by a jury. See *Black's Law Dictionary* (7th ed. 1999), p. 463. Of course, since the union of law and chancery jurisdiction in Virginia, that "cumbersome method" has become unnecessary. See *Meade v. Meade*, 111 Va. 451, 69 S.E. 330 (1910). Now, a contestant brings suit in equity to impeach the will, on which trial by jury is ordered to determine whether the writing offered for probate is in fact the will of the decedent. Virginia Code § 64.1-88. In keeping with the historic basis of suits devisavit vel non, the jury verdict is treated as a common law jury verdict, i.e., it is generally binding, not merely advisory as in chancery cases under Virginia Code § 8.01-336(E). Also, as in common law cases, jury trial can be waived, as was done here. *Culpeper National Bank v. Morris*, 168 Va. 379, 191 S.E. 764 (1937).

It is said that upon the trial of an issue devisavit vel non — now, more often referred to as a "will contest" or a "suit to impeach a will" — the mode of proceeding is substantially the same as upon the trial of common law actions. However, there are notable differences. In such cases, the burden is on the proponent of the will to show by a preponderance of the evidence that the will was written and executed in the manner prescribed by statute, i.e., to prove the due execution of the will and the competency of the testator. Because of this burden-of-proof scheme, it is proper, although not mandatory, for the proponent to offer the will and to present prima facie evidence of its due execution and the competency of the testator, after which the contestant offers his or her evidence against the validity of the will, followed by additional evidence by the proponent to sustain the will. By agreement, this was the mode of procedure in the trial of this case. See, generally, 20 M.J., *Wills*, §§ 67-70.

To summarize, then, a suit under Virginia Code § 64.1-88 to impeach a will follows substantially the procedures of the ancient trial of the issue

devisavit vel non. It is commenced in equity, but it is essentially a probate proceeding governed by statute and having only one purpose, to determine whether the paper probated by the clerk is or is not the will of the decedent. *Thomas v. Best*, 209 Va. 103, 161 S.E.2d 803 (1968).

These observations about the nature of this suit are relevant to a resolution of the question presented because, as noted above, Atkins contends that the nonsuit statute is not applicable to suits of this type because of the procedural peculiarities, especially the burden-of-proof scheme.

## Nonsuit

At common law, a nonsuit was simply a plaintiff's discontinuance of a case without a decision on the merits. From a very early date, the plaintiff had this right, sometimes called a "voluntary dismissal" or "voluntary nonsuit." The discontinuance was without prejudice to the plaintiff's right to recommence the case at a later date. See, generally, 6A M.J., *Dismissal, Discontinuance and Nonsuit*, § 31.

Statutes now govern such voluntary discontinuances, fixing the stage at which a plaintiff is precluded from taking a nonsuit and placing limitations on the right. Virginia's statute is § 8.01-380.

With certain limitations prescribed in the statute, a plaintiff generally has an absolute right to one nonsuit if taken before the case is submitted for decision, and further analysis of prejudice to the defendant is inappropriate. *Bremer v. Doctor's Building Partnership*, 251 Va. 74, 465 S.E.2d 787 (1996). The statute applies to all "causes of action" and "claims," so that its reach extends to law and equity.

In *Trout v. Virginia Department of Transportation*, 241 Va. 69, 400 S.E.2d 172 (1991), the Supreme Court held that the general nonsuit statute does not apply to condemnation proceedings. That is so, the Court said, because the Condemnation Act has its own provisions (§ 25-46.34), and those provisions are more restrictive than § 8.01-380. Because the condemnor in *Trout* had taken possession of the land prior to trial, it was statutorily barred from discontinuing the case on the day of trial.

As Atkins points out, the Court made other pronouncements in *Trout* which, by analogy, are pertinent here.

First, the Court noted that § 8.01-380 permits a plaintiff to take a nonsuit as to any "cause of action." That term is not the same as "action." An "action" is defined as any civil proceeding. Virginia Code § 8.01-2. A "cause of action" is a set of operative facts which, under substantive law, may give rise to a right of action. *Roller v. Basic Const. Co.*, 238 Va. 321, 384 S.E.2d 323 (1989).

Using this distinction, Atkins argues that Karafas has no "cause of action" under substantive law in this case, but instead is invoking her statutory right to bring an "action" challenging the will.

The court disagrees with Atkins' analysis. Whether a "cause of action" or a "claim," (this is a suit in equity), this litigation arises from a set of operative facts under substantive law which give rise to Karafas' right to initiate this civil proceeding.

The Court observed in *Trout* that parties to a condemnation proceeding "are not in the position of plaintiffs and defendants in traditional actions or suits." The court noted, for example, that burden-of-proof rules are inapplicable to condemnation cases and that a condemnor does not really have a "risk of nonpersuasion."

As Atkins argues, those aspects of a condemnation case are similar in some ways to the peculiarities of a trial of an issue devisavit vel non. However, there are material differences. Here, the plaintiff, the contestant, does have a "risk of nonpersuasion." Although the proponent must prove due execution of the will and competency of the testator, the contestant must then prove his or her ground of attack upon the validity of the will. See, generally, 20 M.J., *Wills*, §§ 67 *et seq.*

## Decision

For the reasons stated, the court is of the opinion that there exists no basis in Virginia law for denying a plaintiff in a suit under § 64.1-88 the right to take a nonsuit.

As noted above, the plaintiff's right of nonsuit originates in the common law. It is not a statutory right. The statute fixes the stage at which a nonsuit is no longer available, and it places restrictions or limitations on its use. At common law, a court could deny the plaintiff a nonsuit if the rights of the defendant would be unduly prejudiced by discontinuance of the action, especially if the nonsuit request were made after trial had commenced. See, e.g., *Bremer, supra*, and *Kemper v. Calhoun*, 111 Va. 428, 69 S.E. 358 (1910). By enacting the nonsuit statute, the General Assembly codified the common law considerations of prejudice. *Bremer, supra.*

Because there are no discontinuance provisions in § 64.1-88 and there is no other separate statutory provision governing dismissals and discontinuances of will contests, the court is of the opinion that a plaintiff may take advantage of § 8.01-380 in a suit of this sort.

The court is mindful of the decisions from Maryland (1907), Tennessee (1929), and Missouri (1940), submitted by Atkins, as well as early decisions

from some other states, such as North Carolina, all of which reach the conclusion that in a trial on the issue devisavit vel non, a contestant should not be permitted to abandon the contest "except for good cause." However, those cases do not involve application of a statute similar to § 8.01-380. Virginia has transformed the common law right of nonsuit into a codified balancing of the equities and inequities, the positive aspects against the harmful fallout. These legislative adjustments have been carried out with a considerable degree of precision, so that courts are not free to add limitations or to impose restrictions not provided in the statute.

Accordingly, the court holds that its original grant of nonsuit was not erroneous. The suspending order will be vacated, and the order of nonsuit ending this cause will be reinstated.