

**FILE**

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE APR 11 2013

Madsen, C. J.

CHIEF JUSTICE

This opinion was filed for record
at 8:00 am on Apr 11, 2013

Ronald R. Carpenter
Supreme Court Clerk

## IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Estate of | ) | No. 87544-8 |
| VIRGIL VICTOR BECKER, JR., | ) | En Banc |
| Deceased. | ) | |
| CATHERINE JANE BECKER, CAROL-LYNNE JANICE BECKER, and ELIZABETH DIANE MARGARET BECKER, | ) | |
| Respondents, | ) | |
| v. | ) | |
| JENNIFER WHITE, in her capacity as Personal Representative of the Estate of Virgil Victor Becker, Jr., | ) | |
| Respondent. | ) | |
| NANCY BECKER, | ) | Filed APR 11 2013 |
| Petitioner. | ) | |

OWENS, J. -- When Dr. Virgil "Tory" Becker, Jr. died, his will left

everything to his youngest daughter. His three older daughters contested the will, and

we are now asked whether his surviving spouse, Dr. Nancy Becker, has standing to participate in that will contest. A person has standing if they have a direct, immediate, and legally ascertainable interest in an estate. If a will is declared invalid, estate law entitles a surviving spouse to 50 percent of the decedent's estate through either intestacy or, if there is a prior will, as an omitted spouse. We hold that because Nancy[1] has a direct, immediate, and legally ascertainable interest in Tory's estate if the will is declared invalid, she has standing in the will contest.

## FACTS

In 2008, Tory died in a plane crash. In his will, he left everything to his youngest daughter, Barbara Becker. His will expressly left nothing to his current wife, Nancy (mother of Barbara), or to his three adult daughters from a previous marriage—Catherine Jane Becker, Carol-Lynne Janice Becker, and Elizabeth Diane Margaret Becker (hereinafter the "adult daughters"). In the will, Tory named Nancy as personal representative of the estate.

A few months after Tory's will was submitted to probate, the adult daughters filed suit contesting the validity of the will. In addition to the will contest, the adult daughters and their mother Linda Bulger (Tory's first wife) filed 14 creditors' claims against the estate. Jennifer Rydberg was later appointed guardian ad litem (GAL) for Barbara.

---

[1] To avoid confusion, we refer to parties with the last name Becker by their first name.

The parties attempted mediation and Rydberg, the adult daughters, and Bulger signed a settlement agreement (the CR 2A Settlement Agreement), which gave $600,000 to the adult daughters and Bulger to settle the creditors' claims and for attorney fees. Of the remaining estate, the settlement gave just under 50 percent to Barbara and just over 50 percent to the adult daughters. The CR 2A Settlement Agreement did not determine which assets were community property and which were Tory's separate property. Nancy refused to sign the agreement on her own behalf or as personal representative of the estate, but the others signed the agreement anyway.

Rydberg and the adult daughters petitioned the trial court to appoint a co-personal representative for the limited purpose of reviewing the CR 2A Settlement Agreement. After a hearing, the trial court removed Nancy as personal representative because of various conflicts of interest. Jennifer White was subsequently appointed the personal representative of the estate. White has indicated that she does not believe the CR 2A Settlement Agreement is in the best interests of Barbara or the estate and that she will refuse to sign it.

The parties attempted to submit the CR 2A Settlement Agreement to the court for review and approval, and Nancy attempted to appear personally in the matter. Rydberg then filed the motion at issue in this case, entitled "Guardian ad Litem's Motion to Determine Standing of Nancy Becker Regarding CR 2A Agreement of Heirs to Resolve Will Contest and Creditors' Claims, and Distribute Estate." Rydberg

contended that Nancy had no standing to participate in the review and approval of the CR 2A Settlement Agreement because she was not a "'real party in interest'" to the matters addressed by the settlement agreement. Clerk's Papers at 183. The court agreed and found that Nancy had no standing to participate in either the settlement agreement or the resolution of the creditors' claims and will contest.

Nancy filed for discretionary review with the Court of Appeals, which affirmed the trial court and found that she did not have standing. *In re Estate of Becker*, noted at 167 Wn. App. 1036 (2012). Nancy then petitioned this court for review, and we granted review. *In re Estate of Becker*, 175 Wn.2d 1010, 287 P.3d 594 (2012). At this time, the trial court has not reviewed or approved the CR 2A Settlement Agreement.

## ISSUE PRESENTED

If a decedent's will expressly leaves nothing to the surviving spouse, does the surviving spouse have standing when a third party contests the will?

## ANALYSIS

Standing is a threshold issue, which we review de novo. *Knight v. City of Yelm*, 173 Wn.2d 325, 336, 267 P.3d 973 (2011).

The Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW, provides for judicial and nonjudicial resolutions to trust and estate disputes and related matters. RCW 11.96A.010. Under TEDRA, if all parties agree to a resolution to a

4

matter related to a trust or an estate, the matter can be settled by a written agreement signed by all parties. RCW 11.96A.220. That agreement is then "binding and conclusive on all persons interested in the estate or trust." *Id.* TEDRA defines a "'[p]arty'" as any member of a listed category "who has an interest in the subject of the particular proceeding." RCW 11.96A.030(5). The listed categories include, inter alia, a surviving spouse, heirs, and beneficiaries. RCW 11.96A.030(5)(d)-(f). The definition of "'[p]ersons interested in the estate or trust'" includes "all persons beneficially interested in the estate or trust." RCW 11.96A.030(6).

Since Nancy is a surviving spouse, she is a party under TEDRA if she has an interest in the subject of the particular proceeding. "'[A] "person interested" is one who has a direct, immediate, and legally ascertained pecuniary interest in the devolution of the testator's estate, such as would be impaired or defeated by the probate of the will or benefited by the declaration that it is invalid.'" *In re Estate of O'Brien*, 13 Wn.2d 581, 583, 126 P.2d 47 (1942) (quoting *Petitt v. Morton*, 28 Ohio App. 227, 235, 162 N.E. 627 (1928) (addressing the issue of whether an executor named in an earlier will has standing to contest a later will)). While Tory's will expressly left nothing to Nancy, that will is being contested in this case by the adult daughters. If the will is declared invalid, Tory's estate will be distributed either intestate or pursuant to a prior will. Under either circumstance, Nancy would inherit 50 percent of Tory's estate, either through intestacy laws or through the omitted

spouse statute.[2] RCW 11.04.015(1); RCW 11.12.095. Thus, Nancy has a very substantial interest in the estate if the will contest were to be successful. Because Nancy would have a significant interest in the estate if the will were declared invalid, she has a direct interest in any settlement of the will contest. Therefore, she is a party under TEDRA.

The adult daughters contend that if the current will were declared invalid and a will were submitted that was executed prior to Nancy and Tory's marriage, Nancy would not be able to claim that she was an omitted spouse because she acknowledges that Tory explicitly left her nothing in the current will. We find this argument untenable. The adult daughters cannot claim that the current will is invalid as to their father's explicit desire to leave them nothing but valid as to his wife.

The adult daughters also argue that Nancy has no interest in the estate because she was not named in the will. Of course, the adult daughters were similarly not named in the will, and their interest in the estate—like Nancy's—exists only if the will is declared invalid. The adult daughters argue that they have standing because they chose to file a will contest and that Nancy does not have standing because she failed to contest the will. However, her decision not to file a will contest would not prevent her from receiving her fair share should a court find that will to be invalid and

---

[2] We do not consider the hypothetical scenario where there is a valid prior will that would not qualify Nancy for benefits through the omitted spouse statute (such as a will executed after Tory and Nancy's marriage).

thus does not affect her standing. If the will contest is successful, the estate will pass intestate or pursuant to a prior will—it will not simply pass to those who chose to contest the will. Nancy's direct interest in the estate was created when the adult daughters challenged the validity of Tory's will. She now has a right to participate in the settlement agreement under TEDRA.

Virginia has similarly concluded that a party who would inherit intestate is a necessary party to the settlement of a will contest by a third party. In *Thomas v. Best*, 209 Va. 103, 103-04, 161 S.E.2d 803 (1968), 3 of the 11 brothers and sisters of a decedent challenged a will that had been admitted to probate. The court attempted to give notice by publication to nonresident and unknown heirs. *Id.* at 104. The court later approved a settlement agreed to by "all parties who had appeared in the suit." *Id.* Later that year, the children of a deceased sibling of the decedent, who did not have knowledge of the earlier will contest and were not part of the settlement, brought suit claiming that they were entitled to a share of the estate if she died intestate. *Id.* at 105-06. The Virginia Supreme Court vacated the earlier settlement agreement because it "was unjust because it benefited the heirs and distributees who were parties to the agreement, but provided no benefit for the other heirs and distributees." *Id.* at 110. In this case, a settlement without Nancy's participation would be similarly unjust.

In conclusion, Nancy has a significant interest in the estate if the will is declared invalid. Thus, she has an interest in the outcome of the will contest and is necessarily a party. Under TEDRA, she is a party interested in the proceedings and thus has standing to participate in proceedings related to the will contest, including approval of the CR 2A Settlement Agreement. We vacate the trial court's order and hold that Nancy has standing in the will contest procedures. We also vacate any orders entered after the trial court's May 20, 2010, order that Nancy does not have standing because Nancy was entitled to have notice of and to participate in those proceedings.

*Attorney and GAL Fees*

At the Court of Appeals, Nancy, the adult daughters, and Rydberg request attorney fees "on appeal." Nancy argued that her motion for discretionary review benefited the estate and that Rydberg should not have challenged her standing. The adult daughters argued that Nancy's tactics wasted resources. Rydberg argued that her own actions as GAL were reasonable and that she deserved to be reimbursed for her time.

Any court on appeal may, in its discretion, order reasonable attorney fees to be awarded to any party in such amount and in such manner as the court determines to be equitable. RCW 11.96A.150. We decline to award attorney fees on appeal to either Nancy or the adult daughters.

A GAL is entitled to reasonable compensation to be paid from the estate or trust whose beneficiaries are represented. RCW 11.96A.160(4). However, the record before us is unclear as to the scope of Rydberg's appointment as GAL now that we have vacated the trial court's orders entered after its May 20, 2010, ruling that Nancy does not have standing. As a result, we remand this issue to the trial court to determine whether the GAL's actions on appeal were appropriately within the scope of her appointment.

## CONCLUSION

An individual that stands to benefit directly if a will is declared invalid necessarily has an interest in a contest of that will. Under TEDRA, individuals with such an interest are parties to the will contest, and all such parties must approve any settlement. Here, Nancy has an interest in the outcome of the will contest and thus has a right to be involved in settlement negotiations under TEDRA. We reverse the Court of Appeals on the issue of Nancy's standing and remand to the trial court for further proceedings in accordance with this decision.

_____ Owens, J.

WE CONCUR:

Madsen, C.J.                              Stephens, J.

_____         Wiggins, J.

Fairhurst, J.                            González, J.

_____         _____ McCloud, J.