# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| FISHERIES ENGINEERS, INC., a Washington corporation, PAUL TAPPEL, an individual and professional engineer, | No. 53614-5-II |
| Appellants, | |
| v. | UNPUBLISHED OPINION |
| THE STATE OF WASHINGTON, GOVERNOR JAY INSLEE, in his official capacity, ATTORNEY GENERAL BOB FERGUSON, in his official capacity, and BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS & LAND SURVEYORS, an agency of the State of Washington, | |
| Respondents. | |

MAXA, J. – Paul Tappel and Fisheries Engineers, Inc. (collectively, Tappel) appeal the trial court's dismissal on summary judgment of a petition for declaratory judgment and injunctive relief they filed against the Board of Registration for Professional Engineers & Land Surveyors, the State of Washington, Governor Jay Inslee, and Attorney General Bob Ferguson (collectively, the Board). Tappel alleges that the Board has failed to enforce the Professional Engineers' Registration Act, chapter 18.43 RCW (PERA), against persons who use the title "engineer" but who are not licensed professional engineers.

The Board moved to dismiss Tappel's lawsuit under CR 12(c) for lack of standing. The trial court decided to bypass that issue and other procedural issues and to address the merits of Tappel's claim. On appeal, the Board again argues that Tappel has no standing.

Standing is a threshold issue, and we need not address the merits of this appeal if Tappel does not have standing. However, the trial court did not address standing. And whether Tappel has standing to bring this lawsuit may involve factual issues that must be resolved in the trial court. Therefore, we remand for the trial court to determine whether Tappel has standing to pursue its claim against the Board.

FACTS

Tappel is a professional engineer, licensed to practice in Washington. He also is the owner of Fisheries Engineers, Inc. Fisheries Engineers creates designs for fisheries improvement projects, such as fish passage, fish hatcheries, salmon rearing ponds, and other similar projects.

Tappel filed a complaint with the Board regarding a state employee who used the title "Forest Practices Engineer" even though the employee was not registered as a licensed professional engineer. The Board dismissed his complaint, noting lack of evidence of any violation of the PERA and stated it would only pursue investigations when an unregistered person was using the titles "professional engineer," "structural engineer," or "professional land surveyor."

Tappel subsequently filed a lawsuit against the Board, seeking a declaration that the PERA prohibited any person who was not a licensed professional engineer from using the title "engineer." Tappel based his claim on RCW 18.43.010, which requires that all persons who practice engineering be qualified and registered as a professional engineer and prohibits an

unregistered person from using "any title or description tending to convey the impression that he or she is a professional engineer."

Tappel filed a motion for summary judgment, requesting that the trial court grant his request for injunctive and declaratory relief because the plain statutory language of the PERA states that use of the title "engineer" tends to convey the impression that the person using the title is a licensed professional engineer. The Board subsequently filed a motion to dismiss on pleadings under CR 12(c) on multiple grounds, including lack of standing, failure to exhaust administrative remedies, and common law quasi-prosecutorial immunity.

At a hearing on the motions, the trial court decided to bypass the threshold issue of standing and other procedural issues and directly address the statutory construction issue. The court granted summary judgment in favor of the State on the merits and dismissed Tappel's petition. Tappel appeals the trial court's summary judgment order.

ANALYSIS

A.    PERA PROVISIONS

The Uniform Regulation of Business and Professions Act, chapter 18.235 RCW (URBPA), authorizes the Department of Licensing and assorted boards, such as the Board, to regulate their respective professions and discipline individuals and businesses who violate the law. *See* RCW 18.235.005; RCW 18.235.020. The PERA contains regulatory provisions regarding engineers. Chapter 18.43 RCW.

RCW 18.43.010 states:

> In order to safeguard life, health, and property, and to promote the public welfare, any person in either public or private capacity *practicing or offering to practice engineering* or land surveying, shall hereafter be required to submit evidence that he or she is qualified so to practice and *shall be registered as hereinafter provided*; and it shall be *unlawful* for any person to practice or to offer to practice in this state, engineering or land surveying, as defined in the provisions of this chapter, or to use

in connection with his or her name or otherwise assume, *use, or advertise any title or description tending to convey the impression that he or she is a professional engineer or a land surveyor, unless such a person has been duly registered under the provisions of this chapter*.

(Emphasis added.)

Former RCW 18.43.020 (2007) contains the following definitions that "apply throughout this chapter":

(1) "Engineer" means a professional engineer as defined in this section.

(2) "Professional engineer" means a person who, by reason of his or her special knowledge of the mathematical and physical sciences and the principles and methods of engineering analysis and design, acquired by professional education and practical experience, is qualified to practice engineering as defined in this section, as attested by his or her legal registration as a professional engineer.

Former RCW 18.43.020(1), (2).[1]

In addition, former RCW 18.43.020(5)[2] defines the "practice of engineering" as follows:

(a) . . . any professional service or creative work requiring engineering education, training, and experience and the application of special knowledge of the mathematical, physical, and engineering sciences to such professional services or creative work as consultation, investigation, evaluation, planning, design, and supervision of construction for the purpose of assuring compliance with specifications and design, in connection with any public or private utilities, structures, buildings, machines, equipment, processes, works, or projects.

(b) A person shall be construed to practice or offer to practice engineering, within the meaning and intent of this chapter, who practices any branch of the profession of engineering; or who, by verbal claim, sign, advertisement, letterhead, card, or in any other way represents himself or herself to be a professional engineer, or *through the use of some other title implies that he or she is a professional engineer*; or who holds himself or herself out as able to perform, or who does perform, any engineering service or work or any other professional service designated by the practitioner or recognized by educational authorities as engineering.

---

[1] In 2019, the legislature amended RCW 18.43.020 and renumbered the definitions. The definition of "engineer" is now found at RCW 18.43.020(3) and the definition of "professional engineer" is now found at RCW 18.43.020(10).

[2] The definition of "practice of engineering" is now found at RCW 18.43.020(8).

(Emphasis added.)

The PERA identifies two general categories of licenses: professional engineers and professional land surveyors. RCW 18.43.040(1)(a), (c). The PERA also identifies structural engineers as a specific sub-category of professional engineers. RCW 18.43.040(1)(a)(iii). Finally, the PERA recognizes engineers-in-training and land-surveyors-in training categories for persons who have not completed all the licensing requirements. RCW 18.43.040(1)(b), (d).

The Board is authorized under the PERA to take disciplinary action against individuals who violate any PERA provisions. RCW 18.43.105(5).

B.       FAILURE TO ADDRESS STANDING IN THE TRIAL COURT

The Board argues that Tappel lacks standing under either the Uniform Declaratory Judgments Act, chapter 7.24 RCW (UDJA), or the Administrative Procedure Act, chapter 34.05 RCW (APA), to challenge the Board's interpretation of the PERA. However, the trial court did not address the Board's standing argument. Tappel argues that we should address the merits of his claim and remand for the trial court to address standing if we reverse the trial court's summary judgment order.[3]

We conclude that the trial court should address the threshold issue of standing rather than having us consider standing for the first time on appeal based on a limited record.

There is a two-part test for standing under the UDJA. *Lakehaven Water and Sewer Dist. v. City of Federal Way*, 195 Wn.2d 742, 769, 466 P.3d 213 (2020). First, the plaintiff must be within the zone of interest that the challenged statute protects or regulates. *Id.* Second, the plaintiff must show some injury in fact. *Id.*

---

[3] Tappel also stated in a footnote that we could address standing for the first time on appeal for the sake of judicial economy.

The APA has three requirements for standing:

(1) The agency action has prejudiced or is likely to prejudice that person;
(2) That person's asserted interests are among those that the agency was required to consider when it engaged in the agency action challenged; and
(3) A judgment in favor of that person would substantially eliminate or redress the prejudice to that person caused or likely to be caused by the agency action.

RCW 34.05.530. The second prong is the "zone of interest" requirement and the first and third prongs together are the "injury in fact" requirements. *Freedom Found. v. Bethel Sch. Dist.*, 14 Wn. App. 2d 75, 86, 469 P.3d. 364 (2020). As a result, the APA test is nearly identical to the UDJA test. *City of Burlington v. Wash. Liquor Control Bd.*, 187 Wn. App. 853, 873 n.16, 351 P.3d 875 (2015).

Standing involves whether a plaintiff is entitled to have a court decide the merits of a dispute. *See Wash. State Nurses Ass'n. v. Cmty. Health Sys., Inc.*, ___ Wn.2d ___, 469 P.3d 300, 309 (2020). Therefore, standing is a threshold issue. *In re Estate of Becker*, 177 Wn.2d 242, 246, 298 P.3d 720 (2013). If a plaintiff does not have standing to file a lawsuit, we cannot address the merits of the plaintiff's claim. *Trinity Universal Ins. Co. of Kan. v. Ohio Cas. Ins. Co.*, 176 Wn. App. 185, 199, 312 P.3d 976 (2013).

In general, "[i]f the issue of standing is not submitted to the trial court, it may not be considered on appeal." *Tyler Pipe Indus., Inc. v. Dep't of Revenue*, 105 Wn.2d 318, 327, 715 P.2d 123 (1986), *vacated on other grounds*, 483 U.S. 232, 107 S. Ct. 2810, 97 L. Ed. 2d 199 (1987). In the typical case involving this principle, the party arguing standing did not raise the issue in the trial court. The situation here is different. The State filed a motion in the trial court to dismiss based on standing, but the trial court decided not to consider the issue.

We are hesitant to address standing for the first time on appeal. Whether Tappel has standing may depend on factual issues, particularly with regard to the "injury in fact"

requirement. The trial court is in a better position to resolve these issues. Therefore, we remand for the trial court to determine whether Tappel has standing to bring this lawsuit.

C.     OTHER ISSUES ON REMAND

1.     Statutory Immunity

For the first time on appeal, the Board argues that it is immune from suit under RCW 18.235.190. In its motion to dismiss before the trial court, the Board argued that it was entitled to common law quasi-prosecutorial immunity, not statutory immunity. On remand if the trial court rules that Tappel has standing, the Board can argue that it has immunity under RCW 18.235.190.

2.     Merits of Claim

On appeal, the parties appear to have changed their original positions regarding an unlicensed person's use of the title "engineer." In his complaint, Tappel asserted that the PERA precluded *any* unregistered person from using the title "engineer." On appeal, Tappel's position is that not every use of the title "engineer" by a nonregistered person violates the PERA. Tappel now argues that the PERA must be interpreted to prohibit unlicensed persons from using the title "engineer" only when that person provides engineering services as defined in the PERA.

When the Board denied Tappel's original complaint, the Board stated that it would pursue investigations of unlicensed persons only when the titles "professional engineer," "structural engineer," or "professional land surveyor" were being used. On appeal, the Board now takes the position that when a nonregistered person uses the title "engineer," the Board will consider on an individual basis whether the person's conduct and title together improperly conveys the impression that the person is a licensed professional engineer.

It appears that although the positions of the parties are not identical, they are similar. On remand if the trial court rules that Tappel has standing and the Board does not have immunity, the parties can file new summary judgment motions on the merits in light of these changing positons.

CONCLUSION

We remand for the trial court to determine whether Tappel has standing to pursue its claim against the Board.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
LEE, C.J.

_____
SUTTON, J.