IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of: | ) | No. 38979-1-III |
| | ) | |
| MADELINE M. THIEDE TRUST | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| GERALD VERHAAG, a beneficiary | ) | |
| of Madeline M. Thiede Trust, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| GORDON FINCH, a beneficiary and | ) | |
| Trustee of Madeline M. Thiede Trust, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| ROBERT E. KOVACEVICH, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Robert Kovacevich appeals from superior court orders arising out

of his notice of mediation under the Trust and Estate Dispute Resolution Act (TEDRA),

chapter 11.96A RCW, including an award of attorney fees to Gordon Finch and Gerald

No. 38979-1-III
*In re Madeline M. Thiede Tr.*

Verhaag. We affirm the superior court and grant the request of Mr. Finch and

Mr. Verhaag for attorney fees and costs on appeal.

FACTS[1]

After Gordon Finch was replaced as trustee of a trust created by his mother,

he made several distributions of trust funds to himself and his then-attorney, Robert

Kovacevich, based on advice received from Mr. Kovacevich. When the distributions were

challenged through a civil contempt motion, Mr. Finch retained new counsel and returned

all the funds he had paid to himself. Mr. Kovacevich did not return the funds he had

received.

Mr. Finch later entered into a TEDRA agreement (the Agreement) with the other

trust beneficiaries. Under the terms of the Agreement, the beneficiaries settled all disputes

between themselves and agreed to a distribution of trust assets. Mr. Finch assumed all

expenses and losses in connection with the improper distributions and took an assignment

of claims against Mr. Kovacevich. The superior court approved the Agreement in an

order dated June 13, 2019.

---

[1] Our statement of facts is taken from our decision in Mr. Kovacevich's prior
consolidated appeal. *See In re Madeline M. Thiede Tr.,* No. 36940-4-III (Wash. Ct. App.
May 25, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/369404_unp.pdf.
Additional details are set forth in that opinion.

No. 38979-1-III
*In re Madeline M. Thiede Tr.*

Based on the Agreement's assignment of claims, Mr. Finch obtained judgments against Mr. Kovacevich for unsatisfied contempt awards and related attorney fees. Mr. Kovacevich unsuccessfully challenged the judgments in the superior court and on appeal. A mandate on the prior appeal was issued on December 29, 2021.

Despite losing on appeal, Mr. Kovacevich still failed to comply with the outstanding judgments. Instead, in January 2022, he filed a notice of mediation in the TEDRA case.

Mr. Finch filed a motion to quash the notice of mediation.[2] Among other things, he argued Mr. Kovacevich lacked standing. Mr. Finch also sought sanctions. The superior court agreed Mr. Kovacevich lacked standing to compel mediation and imposed sanctions against Mr. Kovacevich and his attorney, Aaron Lowe. Mr. Kovacevich filed a motion to reconsider, which was denied.

Mr. Kovacevich now appeals.[3]

---

[2] The new trustee, James Spurgetis, and Gerald Verhaag later joined in Mr. Finch's motion.

[3] While Mr. Kovacevich in his appellate briefing identifies both himself and Aaron Lowe as appellants, there is no mention of Mr. Lowe in Mr. Kovacevich's notice of appeal, and the notice is signed only by Mr. Kovacevich. We deem Mr. Kovacevich as the only appellant on review. *See* RAP 5.2.

No. 38979-1-III
*In re Madeline M. Thiede Tr.*


ANALYSIS

*Standing*

The primary issue in this case is whether Mr. Kovacevich has standing to bring a claim under TEDRA. "Standing is a threshold issue, which we review de novo." *In re Est. of Becker*, 177 Wn.2d 242, 246, 298 P.3d 720 (2013) (citing *Knight v. City of Yelm*, 173 Wn.2d 325, 336, 267 P.3d 973 (2011)).

TEDRA was enacted "to encourage the prompt and early resolution of disputes in trust, estate, and nonprobate matters" through nonjudicial dispute resolution. RCW 11.96A.260. Under TEDRA, a "party" to a dispute arising in trust, estate, or nonprobate matters may require the parties to go to mediation prior to involving the court. RCW 11.96A.280.

Mr. Finch and Mr. Verhaag argue Mr. Kovacevich is not a party under TEDRA and thus lacks standing to compel mediation. We agree.

"The standing doctrine requires that [an individual] must have a personal stake in the outcome of the case in order to bring suit." *Sabey v. Howard Johnson & Co.*, 101 Wn. App. 575, 584, 5 P.3d 730 (2000). At the time Mr. Kovacevich filed his notice of mediation, he did not have a personal stake in resolution of the Madeline M. Thiede Trust. The trust beneficiaries had already settled all internal disputes and the trust assets

4

had been disbursed. Pursuant to the Agreement, all claims regarding Mr. Kovacevich were assigned to Mr. Finch and were no longer of concern to the trust. To the extent Mr. Kovacevich disagreed with the validity of the Agreement, his claims were rejected by our prior unpublished decision.

Mr. Kovacevich lacked any basis in fact or law to compel mediation under TEDRA. We therefore affirm the superior court's order quashing Mr. Kovacevich's notice of mediation based on lack of standing.

## Sanctions

Mr. Kovacevich also appeals the superior court's award of attorney fees in favor of Mr. Finch, Mr. Verhaag and Mr. Spurgetis. "We review an award of fees and costs under [TEDRA] for abuse of discretion." *In re Survivor's Tr. of Blankenship*, 18 Wn. App. 2d 686, 704, 493 P.3d 751 (2021). "A court abuses its discretion if it exercises it in a manner that is manifestly unreasonable, on untenable grounds, or for untenable reasons." *Id.* (citing *In re Est. of Lowe*, 191 Wn. App. 216, 239, 361 P.3d 789 (2015)).

The superior court did not abuse its discretion in awarding attorney fees. The TEDRA statute allows for an award of attorney fees "to any party . . . from any party to the proceedings." RCW 11.96A.150(1). Although, as set forth above, Mr. Kovacevich

was not a party to the proceedings, he frivolously represented himself as such when he sought to compel mediation. In so doing, he subjected himself to liability for attorney fees as if he were a party. *See K&W Children's Tr. v. Est. of Fay*, 20 Wn. App. 2d 862, 874, 503 P.3d 569 (2022) ("When a person not a party of record has been the 'moving party,' although [they] lack[ ] standing, [they] render[ ] [themselves] liable for the costs that [they] have] caused to be incurred.").

Mr. Kovacevich complains the superior court failed to abide by the lodestar method in assessing fees. However, adherence to the lodestar method is not required in the TEDRA context. *See Survivor's Tr.*, 18 Wn. App. 2d at 705; *see also In re Guardianship of Decker*, 188 Wn. App. 429, 447, 353 P.3d 669 (2015) ("[If] the primary considerations for the fee award are equitable, courts are not required to apply the lodestar method to determine an award of fees."). RCW 11.96A.150 affords discretion to award attorney fees based on equitable considerations.

Mr. Kovacevich contends the superior court failed to enter written findings of fact to support its fee award. But the court's letter ruling dated May 31, 2022, clearly identifies its legal and equitable basis for granting fees. The court reasonably found Mr. Kovacevich's motion for reconsideration to be baseless and frivolous.

The award of fees is affirmed.

APPELLATE ATTORNEY FEES

The parties have both submitted requests for appellate attorney fees. Under RAP 18.1(a), this court may award attorney fees and costs on appeal "[i]f applicable law" allows. RCW 11.96A.150 allows superior courts and appellate courts to order a party to a TEDRA action to pay another party's reasonable attorney fees "to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate."

We agree with Gordon Finch and Gerald Verhaag that this is an appropriate case for an award of fees. Mr. Kovacevich had no standing to file a notice under TEDRA compelling mediation. His arguments on appeal are based on frivolous theories that have been previously rejected by this court and others. Fees and costs against Mr. Kovacevich and in favor of the Mr. Finch and Mr. Verhaag are appropriate.

CONCLUSION

The orders on appeal are affirmed. We award reasonable attorney fees and costs on appeal to Gordon Finch and Gerald Verhaag subject to their timely compliance with RAP 18.1(d).

7

No. 38979-1-III
*In re Madeline M. Thiede Tr.*


A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Cooney, J.