# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Estate of<br><br>DAVID P. MCBRAYER, III,<br><br>――――――――――――――<br><br>MICHELINE M. MCBRAYER,<br><br>　　　　　　　　Petitioner,<br><br>　　　　　v.<br><br>MELANIE COLOMB MCBRAYER SAUVAIN, individually and in her fiduciary capacity as Personal Representative or Trustee to THE ESTATE OF DAVID P. MCBRAYER, III, THE TESTIMENTARY TRUST OF DAVID P. MCBRAYER, III, and THE TESIMENTARY TRUST FOR MICHELINE MCBRAYER,<br><br>　　　　　　　　Respondent. | No. 85743-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Eight years after David McBrayer passed away and the assets of his estate were distributed to his surviving spouse, who was the sole beneficiary under his will, Micheline McBrayer filed a petition under the Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW. The petition primarily sought to remove the personal representative based on claims that she breached

her fiduciary duties in administering David's estate.[1]  Because Micheline lacked standing to assert legal claims based on duties owed to David's estate or to her parents as individuals, we affirm the trial court's order that granted summary judgment and dismissed the TEDRA petition.

I

David and Alyce McBrayer, parents of Micheline McBrayer and Melanie McBrayer Sauvain, executed wills in Washington in 2009 to implement a common estate plan.  Under the terms of each will, upon the death of the first spouse, all property would pass to the surviving spouse; first, as a gift, up to the amount of the applicable estate tax deduction, and second, any remaining assets would be placed in a trust for the benefit of the surviving spouse. The wills also set forth the same testamentary provisions to take effect upon the death of the surviving spouse.  According to those provisions, upon the death of the second spouse, the first $500,000 in assets will be transferred to a trust for the benefit of Micheline, naming Melanie as trustee, and all remaining assets will be divided equally between Micheline's trust and Melanie.

At some point after 2009, the McBrayers relocated to Oregon, where Melanie resides.  David passed away in August 2014 in Clackamas County, Oregon.

Because the McBrayers owned property in Washington at the time of David's death, his will was admitted to probate in King County, and in September

---

[1] For clarity, we refer to all the McBrayer family members by their first names.  No disrespect is intended.

2014, the court appointed Melanie as the personal representative (PR) with nonintervention powers. The McBrayers' Normandy Park residence was sold in October 2014 and the net proceeds from the sale, as well as the assets in the McBrayers' joint investment account, were transferred to a new investment account solely in Alyce's name. Other than tangible personal property, which also passed to Alyce under David's will, these transfers disposed of all assets of David's estate.

In 2015, Micheline filed a creditor's claim against the estate and requested an inventory. Micheline's creditor's claim alleged that she stored personal property ($250 and jewelry) at the Normandy Park residence that was retained by the estate "through Negligence." While Melanie encouraged Micheline to retrieve her personal belongings from the residence before it was sold, and later from storage, as of December 2022, as the PR of David's estate, Melanie had not formally responded to the creditor's claim, provided an inventory, or administratively closed the probate proceeding.

After spending her remaining years in Oregon, Alyce died in December 2021. Alyce's probate commenced in Oregon and the court appointed Melanie as PR of Alyce's estate.

On December 2, 2022, Micheline filed a petition under TEDRA in King County against Melanie as PR of David's estate and in her personal capacity. The petition primarily alleged that Melanie breached her fiduciary duties in connection with the administration of David's estate and sought her removal as PR. With reference to potential issues of "timing and interactivity" of Melanie's fiduciary

duties to the estate and under powers of attorney to David and Alyce, individually, the petition sought an accounting that would include the PR's transactions on behalf of the estate and Melanie's transactions as power of attorney for both parents. And, relying on evidence of Melanie's personal real estate transactions after she was appointed as PR of David's estate, Micheline claimed there were "valid concerns" that Melanie had financially mismanaged or converted assets of David's estate and assets of both parents. Specifically, the petition alleged that (1) Melanie failed to timely administer David's estate, provide an inventory and accounting, or address the outstanding creditor's claim; (2) Melanie did not qualify for appointment as PR under RCW 11.36.010(1) because she had been convicted of theft in the second degree; (3) Melanie should be removed as PR; and (4) the court should appoint a professional fiduciary to investigate and prepare an accounting.

In response, Melanie argued that the court should dismiss the petition because Micheline lacked standing, as the sole beneficiaries under David's will were Alyce and a martial trust for Alyce's benefit. Melanie further argued that (1) her removal as the PR would serve no purpose since all assets of David's estate were distributed to Alyce years earlier; (2) the Washington court lacked authority to adjudicate matters involving conduct in Oregon or related to Alyce's estate that was being administered in Oregon; and (3) no evidence supported the claims of mismanagement.

A superior court commissioner held an initial hearing, declined to resolve the petition on the merits, and certified the matter for trial.

Melanie filed a motion for summary judgment, relying on the same legal grounds asserted in her response to the petition. After considering briefing from both parties and oral argument, the trial court issued a written order granting summary judgment and dismissing Micheline's TEDRA petition with prejudice, concluding that Micheline lacked standing. The court denied Melanie's request for fees and costs.

II

A

Representing herself, Micheline appeals. We hold self-represented litigants to the same standard as licensed attorneys and require their compliance with all procedural rules on appeal. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). "The scope of a given appeal is determined by the notice of appeal, the assignments of error, and the substantive argumentation of the parties." Clark County v. W. Wash. Growth Mgmt. Hr'gs Rev. Bd., 177 Wn.2d 136, 144, 298 P.3d 704 (2013) (citing RAP 5.3(a); RAP 10.3(a), (g); RAP 12.1)). The rules require that an appellant provide a "concise statement of each error a party contends was made by the trial court," and "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record," which should include the standard of review. RAP 10.3(a)(4), (6). We need not consider arguments that are not supported by references to the record, meaningful analysis, or citation to pertinent authority. Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011).

Micheline asserts three assignments of error that relate to the trial court's dismissal of her petition and determination that she lacked standing. However, the argument section of her brief does not address her assignments of error. Instead, that portion of her brief consists of a lengthy excerpt of the parties' arguments at the initial hearing, with commentary inserted in parentheses, followed by an excerpt from the brief she submitted below in response to the motion for summary judgment. The failure to comply with the procedural rules designed to facilitate appellate review make it difficult to discern the precise nature of Micheline's arguments. Nevertheless, to the extent we are able to identify Micheline's primary contentions, we exercise our discretion to address them. See RAP 1.2(a); State v. Olson, 126 Wn.2d 315, 323, 893 P.2d 629 (1995) (appellate court should exercise its discretion to reach the merits on appeal unless there are compelling reasons not to do so).

On appeal of an order granting summary judgment, we review de novo whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); see Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). Also "[s]tanding is a threshold issue, which we review de novo." In re Estate of Becker, 177 Wn.2d 242, 246, 298 P.3d 720 (2013). Where a party lacks standing, we refrain from reaching the merits of that claim. Org. to Pres. Agric. Lands v. Adams County, 128 Wn.2d 869, 896, 913 P.2d 793 (1996).

B

Preliminarily, Micheline contends that the trial court should have rejected Melanie's motion for summary judgment on procedural grounds. She claims that Melanie failed to comply with the superior court's rules for renewing motions, see KCLCR 7(b)(6)(B), when she did not inform the court that her arguments in support of summary judgment were previously considered and rejected by the commissioner at the initial hearing. But Melanie made no prior motions before filing her motion for summary judgment. The commissioner's decision declining to adjudicate the petition at the initial hearing did not preclude any future substantive arguments. See RCW 11.96A.100(10)(c) (if initial TEDRA hearing does not result in resolution of all issues of fact and law, the court may enter any "appropriate" order, including an order providing for further proceedings).

C

1

As to the trial court's dispositive determination of standing, at least one of Micheline's assignments of error asserts that the trial court relied on an outdated version of RCW 11.96A.030 to determine that she was not a property party under TEDRA and therefore, lacked standing.

The legislature amended RCW 11.96A.030(5), the provision that defines "parties" who may petition under TEDRA in 2021. See LAWS OF 2021, ch. 140, § 4018. When Micheline filed her petition in 2022, the current version of RCW 11.96A.030(5) had been in effect for more than a year. See LAWS OF 2021, at ii (see (5)(a) setting out effective date of LAWS as July 25, 2021). Both parties

presented arguments below as to whether Micheline met the definition of a "party" as defined by RCW 11.96A.030, referencing the current version of the statute. There is nothing in the record to suggest that the trial court relied on the wrong version of the statute.

2

In TEDRA cases, "[a] person has standing if they have a direct, immediate, and legally ascertainable interest in an estate." Becker, 177 Wn.2d at 244. A "party" for purposes of TEDRA is "any person who has a legal or equitable interest in, or who holds a power or a claim with respect to, the subject of a matter." RCW 11.96A.030(5). The statute designates four categories of individuals who are parties with respect to petitions that relate to "testate property":

> (i) Each personal representative appointed to execute the will governing that property;
> (ii) Each devisee or legatee of that testate property;
> (iii) Each holder of a power relating to the testate property following the testator's death; and
> (iv) Each creditor whose claim has been established by allowance or judgment;

RCW 11.96A.030(5)(c).

The statute also includes a catch-all provision, providing that a party is "[e]ach person who claims a legal right, title, or interest in property being subjected to probate or trust administration, nonprobate assets, other property passing at death, or custodial property." RCW 11.96A.030(5)(k).

Micheline points to no material facts in dispute related to the issue of standing. Micheline does not address the language of RCW 11.96A.030, let alone argue that she is a "devisee or legatee," .030(5)(c)(ii), of testate property under

8

David's will, holds a "power," .030(5)(c)(iii), with respect to testate property, or has an "established," .030(5)(c)(iv), creditor's claim to testate property. Micheline simply maintains that she has standing because she is a "named beneficiary" under David's will. But under the will's express terms, because Alyce survived David, the entirety of his estate passed to Alyce, either directly or through a trust established for Alyce's benefit. Although David's will includes provisions to establish a testamentary trust for Micheline's benefit, those provisions did not take effect since he predeceased Alyce. As a contingent beneficiary who never inherited because the entire estate went to Alyce, Micheline had no present interest in David's estate or Alyce's inheritance and no standing under TEDRA. See In re Estate of Bernard, 182 Wn. App. 692, 724-25, 332 P.3d 480 (2014) (contingent trust beneficiaries not parties under TEDRA and had no standing, lacking a present interest in the revocable trust at issue); In re Survivor's Tr. of Blankenship, 18 Wn. App.2d 686, 698, 493 P.3d 751 (2021) (contingent remainder beneficiary in survivor's trust lacked standing to request an accounting of the trust). In challenging the PR's qualifications and seeking her removal for alleged breach of fiduciary duties to the estate, Micheline sought to assert legal rights that belonged to David and his heirs—i.e., David, Alyce, and the trustee of any trust established for Alyce's benefit. See Hays Elliott Props., LLC v. Horner, 25 Wn. App. 2d 868, 873, 528 P.3d 827 (2023) (son's status as a beneficiary of his father's estate did not "confer a right to represent the Estate's interests in litigation."). Nor does Micheline assert any theory that she was a rightful heir under David's will rather than Alyce and a trust for Alyce's benefit. Cf. Becker, 177 Wn.2d at 244.

9

Micheline's other claims alleged breach of fiduciary duties in Melanie's capacity as power of attorney for David and Alyce. In that capacity, Melanie owed fiduciary duties to the principals, David and Alyce. See Crisman v. Crisman, 85 Wn. App. 15, 22, 931 P.2d 163 (1997) (as power of attorney, agent becomes a fiduciary to the principal, bound to act with utmost good faith and loyalty). But here also, Micheline offers no authority that suggests that she has standing to assert the legal rights of David and Alyce. Micheline's reliance on RCW 11.125.140(9), a provision of Washington's Uniform Power of Attorney Act, is unavailing. That provision merely provides that a power of attorney may be required to disclose disbursements or transactions when requested in writing by a "personal representative or successor in interest to the principal's estate." Id. The record does not indicate that Micheline requested information under RCW 11.125.140(9). The statute provides no basis to argue that Micheline is entitled to maintain an action against the power of attorney to assert her parents' legal rights.

Micheline failed to demonstrate standing to seek redress for alleged breaches of fiduciary duties owed to David's estate or to David and Alyce, individually. The trial court did not err in granting summary judgment and dismissing Micheline's petition.[2]

---

[2] To the extent that Micheline's petition sought recovery of her personal property purportedly left at her parents' Washington residence, she has assigned no error to the dismissal of this claim nor does she substantively address the issue in her opening brief. See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (this court need not consider appellate arguments that are not supported by meaningful analysis); see also Holland v. City of Tacoma, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) (passing treatment of an issue or lack of reasoned argument insufficient for judicial review).

D

Melanie requests attorney fees on appeal under RCW 11.96A.150 and RAP 18.1. RAP 18.1 allows this court to award reasonable attorney fees or expenses "[i]f applicable law grants to a party the right to recover" attorney fees or expenses. And under RCW 11.96A.150(1), we may exercise discretion to award reasonable attorney fees, in consideration of any factors that we deem relevant and appropriate. Considering the merits of the appeal in conjunction with other equitable factors, we exercise our discretion and decline to award fees.

Affirmed.

_____
Birk, J.

WE CONCUR:

_____     _____
Coburn, J.                           Bowman, J

11