IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JAN HENRIE,

Respondent,

v.

WENDY POULTON, MONTE HICKS,
LOUISE KARI, ELAINE DIXON, and
JOSEPH HURLEY,

Petitioners.

No. 86647-8-I

DIVISION ONE

UNPUBLISHED OPINION

DÍAZ, J. — Jan Henrie, a former member of Shelter Bay Community, Inc. (the Community), asserts claims of breach of fiduciary duty against five current or former members of the boards of directors of the Community and its subsidiary, Shelter Bay Company (the Company). The board members moved for summary judgment due to lack of standing, which the trial court denied. The board members sought, and this court granted, discretionary review. We hold that, as pled, Henrie does not have standing to maintain her suit, reverse the order denying the board members' motion for summary judgment, and remand with directions for the court to dismiss this matter.

I.     BACKGROUND

The Community is an incorporated non-profit homeowners' association for

No. 86647-8-I/2

the Shelter Bay community, located on land owned by the Swinomish Indian Tribal Community. The Company, a for-profit corporation, is a wholly owned subsidiary of the Community. The Company leases land for the Community from the Swinomish Tribe though a "Master Lease," of which the Company is a signatory. The Community and the Company are separate entities. They have separate boards of directors, but the boards of the two corporations are composed of the same people.

On March 15, 2023, Henrie filed a suit against five current or former board members of the boards of the Community and the Company.[1] At the time of the filing of her complaint, Henrie owned a property interest within the Community and so was a member of the Community. She claimed the board members breached their fiduciary duty to her when inter alia the *Company* approved a new Master Lease, which would increase rent for Community members. She also asserted claims for various other acts of financial mismanagement by the board of the *Company*.

Henrie sought monetary damages and injunctive relief, including asking the court to remove the board members from the boards or enjoin them from "having any involvement in the financial, administrative or legal dealings" of the Community and the Company.

The board members moved for summary judgment, asking the court to dismiss Henrie's claims for lack of standing. They argued that Henrie's claim was

[1] Henrie did not include as defendants all of the board members who voted on the decisions in her complaint. On this record, it is unclear what the principle of inclusion was.

2

derivative and that she did not have derivative standing. The court denied the motion and ruled that Henrie had not pled a derivative action and otherwise had standing. The board members filed a motion for reconsideration on the denial of summary judgment, which the court denied.

The board members petitioned for discretionary review, which a commissioner of this court granted.

## II.     ANALYSIS

The principal disagreement in this case is whether Henrie has standing to sue the board members for breach of fiduciary duty, either directly or derivatively, for the actions of the Company she claims they committed. We address both potential bases, after considering the standard of review given the posture in which this case presents.

### A.     Standard of Review

We review standing and summary judgment orders de novo, the latter while "view[ing] all facts and reasonable inferences in the light most favorable to the nonmoving party." In re Estate of Becker, 177 Wn.2d 242, 246, 298 P.3d 720 (2013); TracFone, Inc. v. City of Renton, 30 Wn. App. 2d 870, 875, 547 P.3d 902 (2024).

Washington courts employ a two-step burden-shifting analysis for summary judgment motions. TracFone, Inc., 30 Wn. App. 2d at 875. First, the "party moving for summary judgment bears the initial burden of showing that there is no disputed issue of material fact." Haley v. Amazon.com Servs., LLC, 25 Wn. App. 2d 207, 216, 522 P.3d 80 (2022). Second, the "burden then shifts to the nonmoving party

to present evidence that an issue of material fact remains." Id. A conclusory statement does not defeat foregoing evidence at this stage of the summary judgment burden shifting. C.L. v. Dep't of Soc. & Health Servs., 200 Wn. App. 189, 200, 402 P.3d 346 (2017). "Stated otherwise, summary judgment gauges whether the nonmoving party has met their 'burden of production to create an issue' of material fact. TracFone, Inc., 30 Wn. App. 2d at 875 (quoting Rice v. Offshore Sys., Inc., 167 Wn. App. 77, 89, 272 P.3d 865 (2012)).

B.     Standing

1.  First Party and Derivative Standing

"Standing requires a party to have a real interest in the litigation and generally prohibits a litigant from asserting the legal rights of another." Maslonka v. Pub. Util. Dist. No. 1 of Pend Oreille County, 1 Wn.3d 815, 826, 533 P.3d 400 (2023). Shareholders generally cannot sue for wrongs done to a corporation "because the corporation is a separate entity" and the shareholders' interest is "too removed to meet the standing requirements." Sabey v. Howard Johnson & Co., 101 Wn. App. 575, 584, 5 P.3d 730 (2000). "There are two often overlapping exceptions to the general rule: (1) where there is a special duty, such as a contractual duty, between the wrongdoer and the shareholder; and (2) where the shareholder suffered an injury separate and distinct from that suffered by other shareholders." Id. at 584-85.

More specifically, when bringing a claim of breach of fiduciary duty, a plaintiff must establish "(1) existence of a duty owed, (2) breach of that duty, (3) resulting injury, and (4) that the claimed breach proximately caused the injury."

<u>Micro Enhancement Int'l, Inc. v. Coopers & Lybrand, LLP</u>, 110 Wn. App. 412, 433-34, 40 P.3d 1206 (2002).

To establish the existence of the first factor, i.e., a fiduciary duty, plaintiffs must show "'something in the particular circumstances which approximates'" a fiduciary relationship. <u>Alexander v. Sanford</u>, 181 Wn. App. 135, 173, 325 P.3d 341 (2014) (quoting <u>Hood v. Cline</u>, 35 Wn.2d 192, 200, 212 P.2d 110 (1949)). A fiduciary relationship exists if a party "'occupies such a relation to the other party as to justify the latter in expecting that his interests will be cared for.'" <u>Micro Enhancement Int'l, Inc.</u>, 110 Wn. App. at 433 (internal quotation marks omitted) (quoting <u>Liebergesell v. Evans</u>, 93 Wn.2d 881, 889-90, 613 P.2d 1170 (1980)).

Tying these principles together, to show that she is asserting her own "legal rights," Henrie must show that "'something in the particular circumstances'" of her relationship with the boards created a "special duty" of the board members to her individually or an injury "separate and distinct" from others. <u>Maslonka</u>, 1 Wn.3d at 826; <u>Alexander</u>, 181 Wn. App. at 173 (quoting <u>Hood</u>, 35 Wn.2d at 200); <u>Sabey</u>, 101 Wn. App. at 584-85. Henrie has failed to do so.

Henrie claims that the board members owed her a fiduciary duty because, as a member of the parent corporation, the Community, she is therefore a shareholder of the Company as its subsidiary. This argument fails, first, because a parent corporation is not generally "liable for the acts of its subsidiaries." <u>Minton v. Ralston Purina Co.</u>, 146 Wn.2d 385, 398, 47 P.3d 556 (2002) (quoting <u>United States v. Bestfoods,</u> 524 U.S. 51, 61, 118 S. Ct. 1876, 141 L. Ed. 2d 43 (1998)). Thus, Henrie's membership in the parent corporation, the Community, by itself

does not mean that its subsidiary, the Company, owes her a duty. See id.

Second, Henrie claims her argument is supported by Washington law, the Shelter Bay Company bylaws, and the Shelter Bay Company rules and regulations, but she does not cite any specific laws or rules that support this claim.[2] "Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

Third, to the extent it is a factual statement that the board members owe Henrie a fiduciary duty because she was so-to-speak "automatically" a member of the Company, that claim is conclusory and unsupported by citation to the record or to any evidence. On the contrary, when the board members moved for summary judgment, they offered a declaration by the interim general counsel for the Community and the Company. She declared that "[a]ll of the shares of Shelter Bay Company are owned by Shelter Bay Community, Inc. No individual homeowner, or member of Shelter Bay Community, Inc. is a shareholder in Shelter Bay Company. Plaintiff is not a shareholder in Shelter Bay Company."

At this stage of the proceedings, in attempting to defeat summary judgment, Henrie had the burden to present evidence to show that the existence of a fiduciary duty is an issue of material fact, Haley, 25 Wn. App. 2d at 216, and her conclusory

---

[2] When asked at oral argument, Henrie could not cite any authority for this claim. Wash. Ct. of Appeals oral argument, Henrie v. Poulton, No. 86647-8-I (Sept. 23, 2025), at 11 min., 58 sec. through 12 min., 29 sec. video recording by TVW, Washington State's Public Affairs Network, https://tvw.org/video/division-1-court-of-appeals-2025091202/.

statement did not create a genuine issue of material fact that she is a shareholder of the Company. C.L., 200 Wn. App. at 200.

Thus, there is no legal or factual basis for the claim that the board members owed Henrie a duty of any kind simply because of her membership in the Community.

Finally, Henrie makes no attempt to show that there was a "special" duty between the board members and herself, or that she suffered an injury "distinct and separate" from others. The record suggests only the contrary.

Henrie mainly complains about the board members' agreement to the adjustment of the Master Lease, which she claims resulted in an increased rent for all Community members. The Community Articles of Incorporation and the bylaws, however, specify no role for the Community in lease negotiations or its adjustments. The parties to the Master Lease are the Swinomish Indian Tribe as the lessor and the Company as the lessee.[3] The rental adjustment shall occur at 10-year intervals and is determined by the fair market value of the land. As the lessee, the Company must either agree to the appraiser-evaluator or proceed to arbitration with the lessor. The Master Lease specifies no role for the Community in the rental adjustment process. It is unclear how the board members could have had a special duty to Henrie, or she could have suffered any unique injury, when the Community has no obvious role of any kind in the process.

Henrie's remaining allegations—that the board members improperly paid

---

[3] The Company was originally incorporated as Indian Bay Company. The Articles of Incorporation were amended to change the name to Shelter Bay Company in 1968.

7

Akid'nson LLC to negotiate the lease, improperly paid the fine for the cut trees at Rainbow Park, and otherwise mismanaged funds—are all allegations against the petitioners in their capacity as board members of the Company. Henrie's complaint refers to Shelter Bay Community, Inc. as "SBC, Inc." and refers to Shelter Bay Company as "SBC." Under the pertinent cause of action, Henrie criticizes actions by the "SBC Board," "SBC Board of Directors," "SBC Directors," and acting "on SBC's behalf," but does not allege they were acting as the directors of "SBC, Inc.," i.e., the Community. Again, it is unclear how the board members could have had a special duty to Henrie, or she could have suffered any unique injury, when the Community had no alleged role of any kind in the remaining alleged misdeeds.

For these reasons, we hold that, on this record and as pled, Henrie had no first person or derivative standing and summary judgment was proper.

2. Additional Considerations of Derivative Standing

Even if Henrie were a shareholder in the Company, she has no derivative standing to sue the board members for the following additional reasons.

After filing her original complaint, Henrie sold her property interest and so is no longer a member of the Community or the Company. She can no longer represent the interests of the Company in the lawsuit and so cannot have derivative standing on behalf of the Company. Sound Infiniti, Inc. v. Snyder, 169 Wn.2d 199, 214, 237 P.3d 241 (2010) (holding that standing for derivative claims cannot be maintained without a proprietary interest in the corporation).

Finally, Henrie is precluded from suing the board members on behalf of the

Community because the Washington Nonprofit Corporation Act (WNCA), chapter 24.03A RCW, does not give standing for derivative suits on behalf of non-profits. Mohandessi v. Urban Venture LLC, 13 Wn. App. 2d 681, 697-98, 468 P.3d 622 (2020) (affirming dismissal of derivative claims for lack of standing).[4]

Thus, Henrie does not have standing to bring a derivative suit either and summary judgement should have been granted on this basis as well.[5]

C.      Attorney Fees

Both parties seek attorney fees on appeal.  We decline to award attorney fees to either party.

Attorney fees may be awarded only when authorized by a contract, a statute, or a recognized ground of equity.  Labriola v. Pollard Grp., Inc., 152 Wn.2d 828, 839, 100 P.3d 791 (2004).  RAP 18.1 allows us to award attorney fees or expenses where they are statutorily allowed.  In re Marriage of Goodell, 130 Wn. App. 381, 394, 122 P.3d 929 (2005).

The board members point to RCW 64.38.050, which states that "[a]ny violation of the provisions of this chapter entitles an aggrieved party to any remedy

---

[4] The legislature has since updated the WNCA, but the statute still does not specifically authorize members of non-profits to bring derivative suits, consistent with the court's reasoning in Mohandessi, 13 Wn. App. 2d at 697.  RCW 24.03A.150.

[5] We do not reach whether, as the board members claim, the trial court erred by denying the board members' motion for reconsideration as we reverse the court's principal decision on summary judgment.  And we do not reach whether, as Henrie argues, the commissioner of this court erred when they granted discretionary review.  She did not file a motion to modify the commissioner's ruling and so waived the argument that discretionary review was improper.  State v. Johnson & Johnson, 27 Wn. App. 2d 646, 663, 536 P.3d 204 (2023), review denied, 2 Wn.3d 1019, 542 P.3d 576 (2024).

provided by law or in equity. The court, in an appropriate case, may award reasonable attorneys' fees to the prevailing party." But they do not point to any violation of said provisions. <u>See</u> <u>Blueberry Place Homeowner's Ass'n v. Northward Homes, Inc.</u>, 126 Wn. App. 352, 363 n.12, 110 P.3d 1145 (2005) ("The party requesting fees on appeal is required by RAP 18.1(b) to *argue the issue* and provide citation to authority in order to advise the court as to the appropriate grounds for an award of attorneys' fees and costs.") (emphasis added).

For her part, Henrie does not point to any contract, statute, or ground in equity that justifies attorney fees. Accordingly, we decline to award fees to either party.

### III.    CONCLUSION

We reverse the order denying the board members' motion for summary judgment, and remand with directions for the court to dismiss this matter.

Díaz, J.
_____

WE CONCUR:

Chung, J.
_____

Smith, J.
_____